Filed 3/11/15  P. v. Vanburen CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DILLION VANBUREN,<br><br>    Defendant and Appellant. | H040978<br>(Santa Cruz County<br>Super. Ct. No. F25487) |

Defendant Dillion Vanburen appeals from a judgment following his conviction by guilty plea to battery with serious bodily injury.  Defendant contends that the court sentenced him for assault with force likely to produce great bodily injury, a separate charge to which he had not pleaded.  We agree that error appears on this record and therefore must reverse and remand for resentencing.

*Background*

Defendant was charged by information with three felonies:  (1) assault by means likely to produce great bodily injury, in violation of Penal Code section 245, subdivision (a)(4);[1]  (2) battery with serious bodily injury, in violation of section 243, subdivision (d); and (3) carrying a dirk or dagger, a violation of section 21310.  A special allegation added that defendant had personally inflicted great bodily injury on the victim,

---

[1]    All further statutory references are to the Penal Code.

making the battery a serious felony within the meaning of section 1192.7.[2] Defendant was also alleged to be ineligible for county jail, based on section 1170, subdivision (h)(3). The charges arose from the September 2013 beating of a juvenile by defendant and others, resulting in serious injuries to the victim's face and head. When contacted by police, defendant admitted to carrying a concealed folding knife.

On February 28, 2014, pursuant to a negotiated disposition, defendant pleaded guilty to count two, the battery with serious bodily injury. He also admitted that he had personally inflicted great bodily injury on the victim, as alleged in the information. The parties agreed that the remaining charges would be dismissed and that defendant's sentence would not exceed four years to be served at 85 percent time. The probation report prepared for sentencing reflected this disposition.

The trial court imposed an aggravated prison term of four years as recommended by the probation officer and urged by the prosecutor. The parties and the court agreed that this was "a half-time case" and thus rejected the probation officer's statement that the sentence was to be served "at 85 percent time." The court therefore awarded half-time credits for defendant's presentence custody time. Defendant filed a timely appeal, challenging only the sentence imposed.

*Discussion*

The parties agree that the clerk's minutes and the abstract of judgment reflect clerical error in recording the count on which defendant was convicted. Although the reporter's transcript of the plea hearing clearly indicates a plea to count two, the battery with serious bodily injury, the clerk's minutes for that proceeding indicate that defendant pleaded guilty to count one, the aggravated assault charge. Similarly, the clerk's minutes

---

[2] The information originally cited section 12022.7, subdivision (a), which would have made the personal infliction of great bodily injury subject to a three-year sentence enhancement. As part of defendant's negotiated plea to battery with serious bodily injury, this allegation was struck from the information.

for the sentencing hearing erroneously state that the conviction was for count one and that count two was dismissed.  Both the original and subsequently amended abstract of judgment[3] likewise indicate a plea to section 245, subdivision (a)(4).

There is no question that the abstract of judgment must be corrected.  The issue raised by defendant is whether the error is more than clerical.  Defendant contends that not only the clerk but the trial judge himself "misunderstood that the sentence it was imposing was on the aggravated assault charge, not aggravated battery."

We begin with the general rule that " 'the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' [Citation.]" (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977-78.)  This is not, however, only a matter of determining whether the court abused its sentencing discretion.  Instead, we must examine the entire record to ascertain whether the trial court was exercising that discretion with respect to the correct conviction.  Only if we can confirm that it was can we conclude that the error was simply a clerical one, subject to correction by simple amendment.  (See *People v. Samaniego* (2009) 172 Cal.App.4th 1148, 1183 ["court's oral pronouncement controls over the abstract of judgment as the latter cannot add to or modify the judgment which it purports to summarize"]; see also *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [appellate court may order correction of abstracts of judgment that do not reflect the orally imposed sentence].)

Defendant directs our attention to the court's comments in determining that the aggravated term of four years was appropriate. The court explained that not only was probation unwarranted, but defendant needed imprisonment "to get the message that there

---

[3]   The abstract of judgment was amended at appellate counsel's request to reflect the court's acknowledgement that defendant's sentence was to be served at half time, rather than 85 percent as suggested in the probation report.

3

are serious consequences of this behavior . . . Is this a four year case? Is it a three year case? And that's really what I'm looking at. Is it an aggravated? *If I look at the type of 245's we get serious injuries. You can't escape that fact. Yeah, if it's more serious to the injury and the type of assault.* [¶] So based on that I think it is an aggravated case and I'm going to impose the four years that we talked about before." (Italics added.) Defendant also notes that the clerk's minutes for the prior (February 28) hearing had incorrectly recorded defendant's plea to count one, thus lending a modicum of support for his theory that by the time of sentencing one month later, the court was sentencing him on the wrong count in reliance on those minutes. Countering that theory is the prosecutor's statement at the outset of the March 28 sentencing hearing that the section 245 offense was dismissed and the defendant had pleaded guilty to the section 243 count.

Having carefully reviewed the clerk's and reporter's transcripts of both the plea and sentencing hearings, we are not confident that the trial court was imposing sentence on the correct count of the information. The court's statement of reasons at sentencing is at best ambiguous. The emphasis on the serious nature of the victim's injury and the obscure reference to "245's" indicate that it may have been relying solely on the fact that defendant inflicted serious bodily injury on the victim. That reason would be improper: serious bodily injury is an element of the section 243, subdivision (d), offense and therefore cannot be used as an aggravating factor in imposing sentence. (See Cal. Rules of Court, rule 4.420(d)[4]; *People v. Scott* (1994) 9 Cal.4th 331, 350; cf. *People v. Hill* (1994) 23 Cal.App.4th 1566, 1575 [great bodily injury, an element of mayhem, may not be used as a factor in aggravation].)

---

[4] All further references to rules are to the Rules of Court.

Thus, if the court did intend to sentence defendant on count two, the reason expressed was invalid, because it appears to have relied on the sole fact that the victim's injury was serious, an element of battery with serious bodily injury.[5] However, in light of the court's comments, together with the incorrect minutes of the earlier plea hearing, it is conceivable that the trial judge, not just the clerk, was confused regarding which count was the basis of the conviction, since infliction of great bodily injury would have been a permissible factor in imposing the upper term for the assault count. (Rule 4.421(a)(1).)

But even if the trial judge was confused about the conviction offense, reversal is not required unless the sentencing error resulted in prejudice to defendant— that is, we must conclude that it is reasonably probable that the court would have imposed a more favorable sentence had it been clearly aware of the offense on which it was sentencing. (*People v. Osband* (1996) 13 Cal.4th 622, 730.) The People maintain that any error was harmless, because defendant admitted having committed a battery in which he personally inflicted great bodily injury on the victim. They point out that the specified terms for the two counts are the same, and they conclude that "[i]n light of the court's findings and comments, it is not reasonably probable that appellant would receive a more favorable sentence were the case remanded." We are not convinced by the People's somewhat circular reasoning. The record of the court's "findings and comments" does not permit the conclusion that the apparent error was harmless; it conveys only the court's strong view that the seriousness of the victim's injury outweighed the mitigating factors and

_____

[5] If we view the court's comments as stating an improper reason for sentencing defendant on his section 243 offense, we could deem the error forfeited by defendant's failure to object at the hearing. (*People v. Scott*, *supra*, 9 Cal.4th at p. 356; *People v. Kurtenbach* (2012) 204 Cal.App.4th 1264, 1292.) We decline to do so, however, in view of the enigmatic nature of the court's explanation of its reasons and the concomitant possibility that it was sentencing defendant for the section 245 offense. In any event, the People have not asserted forfeiture in this case.

5

alone justified an aggravated term.[6] It did not mention any of the other aggravating circumstances described by the probation officer and the prosecutor to support the upper term.[7] We may not substitute those additional reasons for the one that appears to have been misapplied by the trial court. (*People v. Scott*, *supra*, 9 Cal.4th at p. 355.)

Consequently, we agree with defendant that remand is necessary to permit the court to reconsider the sentence. We express no opinion regarding the value of the other aggravating factors advanced by the probation officer and the prosecutor. Application of the factors set forth in rules 4.421 and 4.423 is a matter for the sentencing judge in its sound discretion (§ 1170, subd. (b)), and only one valid factor is necessary to justify its sentencing choice. (*People v. Osband*, *supra*, 13 Cal.4th at p. 728; *People v. Black* (2007) 41 Cal.4th 799, 813.)

*Disposition*

The judgment is reversed, and the matter is remanded for a new sentencing hearing on count two, battery with serious bodily injury. The abstract of judgment shall be amended to reflect the correct conviction offense and the new sentence imposed.

---

[6] The court acknowledged as mitigating factors defendant's age (21) and his insignificant criminal record (rule 4.423(b)(1)).

[7] The probation officer, after recommending denial of probation, cited the following aggravating circumstances as support for the upper term: "The crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness (Rule 4.421(a)(1)). The victim was particularly vulnerable (Rule 4.421(a)(3)). The manner in which the crime was carried out indicates planning, sophistication, or professionalism (Rule 4.421(a)(8)). The defendant has engaged in violent conduct that indicates a serious danger to society (Rule 4.421(b)(1). The defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are of increasing seriousness (Rule 4.421(b)(2)). The defendant was on summary probation when the crime was committed (Rule 4.421(b)(4))."

_____

ELIA, J.

WE CONCUR:


_____

RUSHING, P. J.


_____

PREMO, J.